**LAW OFFICE OF PETER C. PEREZ**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055/7
Facsimile No. (671) 477-5445

**LAW OFFICE EDWARD C. HAN**
360 Sara Street
Purple Heart Highway
Maite, Guam 96910
Telephone No. (671) 477-9219
Facsimile No. (671) 477-9220

*Attorneys for Plaintiffs*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| WON SANG KAM, YONG SOOK OH, WOO KYUNG GAM, DONG YEOP KAM, and JU AE LEE,<br><br>Plaintiffs,<br><br>vs.<br><br>KEISHA ANNE P. SABLAN, CHRISTINE P. QUINATA., CALVO'S INSURANCE UNDERWRITERS, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, and DOES 1-15,<br><br>Defendants. | CIVIL CASE NO. 19-00130<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their attorneys, for their claims against the Defendants, jointly and severally, plead and allege as follows:

**JURISDICTION**

1. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exclusive of interest and costs exceeds $75,000.00 and this action involves plaintiffs who are citizens or subjects of the Republic of Korea and defendants who are citizens of Guam. The Plaintiffs' damages include general damages, economic

damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

## **PARTIES**

1. Plaintiff WON SANG KAM is a citizen and resident of the Republic of Korea.

2. Plaintiff YONG SOOK OH is a citizen and resident of the Republic of Korea.

3. Plaintiff WOO KYUNG GAM is a citizen and resident of the Republic of Korea.

4. Plaintiff DONG YEOP KAM is a citizen and resident of the Republic of Korea.

5. Plaintiff JU AE LEE is a citizen and resident of the Republic of Korea.

6. Upon information and belief, Defendant KEISHA ANNE P. SABLAN is a resident of Guam.

7. Upon information and belief, Defendant CHRISTINE P. QUINATA is a resident of Guam.

8. Upon information and belief, Defendant CALVO'S INSURANCE UNDERWRITERS, INC. ("CALVO's") is an insurance company, is engaged in insurance related business, and/or is a general insurance agent, authorized to do business on Guam, that had issued policies of insurance and/or acted as a general agent with respect to the insurance policies at issue in this action, including but not limited to Insurance Policy Number 96-082176, covering Defendants, which were in full force and effect at all times pertinent herein, specifically including but not limited to August 16, 2017.

9. Upon information and belief, Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA ("NATIONAL UNION") is an insurance company authorized to do business on Guam that had issued policies of insurance, including but not limited to Insurance Policy Number 96-082176, to

Defendants which were in full force and effect at all times pertinent herein, specifically including but not limited to August 16, 2017.

10. DOE Defendants 1-5 are insurance companies authorized to do business on Guam that had issued policies of insurance to Defendants which were in full force and effect at all times pertinent herein, specifically including but not limited to August 16, 2017.

11. Plaintiffs are currently unaware of the true names, capacities, and identities of DOE Defendants 6-15, and therefore, sue these defendants by such fictitious names and specifically reserve the right to amend this Complaint to show their true names and capacities when more fully ascertained. DOE Defendants 6-15 are liable to in some manner in whole or in part for damages to Plaintiffs.

## **GENERAL ALLEGATIONS**

12. The Plaintiffs are family members, each related to each other: WON SANG GAM and YOUNG SOOK OH are husband and wife, and are the parents of WOO KYUNG GAM (daughter) and DONG YEOP GAM (son), and JU AE LEE is the wife of DONG YEOP GAM.

13. At all relevant times herein, Defendant QUINATA was the registered owner of the 2014 Lexus ES300H, Guam License Plate number TU3049. On or about August 16, 2017, Defendant QUINATA entrusted the vehicle to Defendant SABLAN.

14. On or about August 16, 2017, at around 6:24 p.m., Defendant SABLAN was operating the 2014 Lexus ES300H, Guam License Plate number TU3049 on Route 4, Malojloj, Guam, travelling south.

15. On said date and at said time and place, Plaintiffs were traveling north in a 2015 Nissan Rogue, Guam License Plate number YN2740, driven by Plaintiff DONG YEOP KAM.

16. On said date and at said place, near Wolford Heights, Defendant SABLAN encroached into Plaintiffs' lane and collided head on with Plaintiffs' vehicle.

17. On August 16, 2017, the Guam Police Department investigated the collision and determined that Defendant SABLAN was at fault.

18. The Police determined that Defendant SABLAN violated Guam laws including 16 G.C.A. § 3301(a) for imprudent driving.

19. The collision caused airbags within both vehicles to deploy.

20. The collision resulted in disabling damage to both vehicles.

21. The collision damage to both vehicles required that both vehicles had to be towed from the scene.

22. As a result of the collision, Plaintiffs suffered injuries and required medical attention and/or medical transport.

23. As a direct and proximate result of the conduct of the Defendants, jointly and severally, Plaintiffs suffered and continue to suffer severe and permanent injuries, disfigurement, physical, mental and emotional pain and suffering, discomfort, disability, and/or diminished quality of life, to Plaintiffs' damage in amounts subject to proof at trial.

24. As a direct and proximate result of the conduct of the Defendants, jointly and severally, Plaintiffs have incurred substantial expenses for medical, rehabilitative and other related services and supplies, and will incur additional expenses in the future.

25. Plaintiffs' losses and damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

26. All of the Plaintiffs were present and witnessed the injuries and harm suffered by their respective family members and experienced and continue to experience the individual and

the shared traumas, worries, fears, anxieties, shocks, and harms caused by the incident which continue to the present.

### FIRST CLAIM FOR RELIEF
### NEGLIGENCE
### (AGAINST DEFENDANTS SABLAN AND QUINATA)

27. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 26, as though fully set forth here.

28. The Defendants are liable to the Plaintiffs for the Defendants' negligence.

29. At all relevant times herein, including on August 16, 2017, the Defendants had duties to Plaintiffs including but not limited to:

- Ensuring that the vehicle was not entrusted to an imprudent driver
- Ensuring that the vehicle was operated with reasonable care
- Ensuring that the vehicle was operated in accordance with the laws of Guam
- Ensuring that the vehicle was not operated in a manner that would cause injuries, harm, or damages to Plaintiffs

30. At all relevant times herein, including on August 16, 2017, the Defendants breached their duties to Plaintiffs by *inter alia*:

- Defendants failed to ensure that the vehicle was operated with reasonable care
- Defendant QUINATA negligently entrusted her vehicle to Defendant SABLAN, an imprudent, negligent, unfit, and/or driver who lacked reasonable care
- Defendant SABLAN failed to operate the vehicle with reasonable care
- Defendant SABLAN failed to operate the vehicle in accordance with the laws of Guam

- Defendant SABLAN failed to operate the vehicle in a manner that observed the rights of other drivers or vehicle occupants, such as Plaintiffs, travelling on the roads of Guam

- Defendant SABLAN operated the vehicle without reasonable care, negligently, imprudently, and/or illegally

- Defendant QUINATA knew or should have known that Defendant SABLAN was a driver who would or who likely would drive the vehicle without reasonable care, negligently, imprudently, and/or illegally

- Allowing the vehicle to be operated or operating the vehicle in a manner that caused injuries, harm, or damages to Plaintiffs

31. Defendants' breaches of duties to Plaintiffs caused injuries, harm, and damages to Plaintiffs.

32. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered and continue to suffer physical, mental, and emotional injuries and pain and suffering damages in amounts subject to proof at trial.

33. As a direct and proximate result of Defendants' conduct Plaintiffs have incurred and will continue to incur economic damages in amounts subject to proof at trial.

34. Plaintiffs' losses and damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENCE PER SE**
**(AGAINST DEFENDANTS SABLAN AND QUINATA)**

35. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 34, as though fully set forth here.

36. At all relevant times herein, Defendant SABLAN violated Guam laws including *inter alia* 16 G.C.A. § 3301(a) for imprudent driving.

37. Defendant SABLAN's violation of the Guam laws as stated caused the collision and caused each of the Plaintiffs' injuries, harm and damages.

38. Plaintiffs' injuries, harm and damages resulted from the kind of occurrence(s) the stated Guam law(s) were designed to prevent. Plaintiffs were members of the class of persons said law(s) were designed to protect. Defendant SABLAN's conduct is negligence per se.

39. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered and continue to suffer physical, mental, and emotional injuries and pain and suffering damages in amounts subject to proof at trial.

40. As a direct and proximate result of Defendants' conduct Plaintiffs have incurred and will continue to incur economic damages in amounts subject to proof at trial.

41. Plaintiffs' losses and damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

### THIRD CLAIM FOR RELIEF: RES IPSA LOQUITUR
### (AGAINST DEFENDANTS SABLAN AND QUINATA)

42. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 41, as though fully set forth here.

43. Defendants' conduct causing the injuries and harm to Plaintiffs is a type that would normally not occur unless the Defendants were negligent.

44. The instrumentalities proximately causing the injuries and harm to Plaintiffs were in the Defendants' exclusive control at the time of the infliction of injuries and harm.

45. The factual circumstances afford sufficient evidence in the absence of explanation that the injuries and harm arose from the Defendants' want of ordinary care and that such negligence was the direct and proximate cause of the injuries and harm to Plaintiffs.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered and continue to suffer physical, mental, and emotional injuries and pain and suffering damages in amounts subject to proof at trial.

47. As a direct and proximate result of Defendants' conduct Plaintiffs have incurred and will continue to incur economic damages in amounts subject to proof at trial.

48. Plaintiffs' losses and damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

### **FOURTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AGAINST DEFENDANTS SABLAN AND QUINATA)**

49. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 48, as though fully set forth here.

50. In addition to, or in the alternative to, Plaintiffs' separate claims for damages for mental and emotional pain and suffering damages, Plaintiffs also claim relief on the basis of negligent infliction of emotional distress. The Defendants' conduct was extreme and outrageous; posed an unreasonable risk of causing emotional distress that might result in illness or bodily harm to the Plaintiffs; and or placed each of the Plaintiffs in the zone of danger of injury to themselves or their present family members.

51. As a result of the Defendants' conduct, Plaintiffs sustained illness or bodily harm losses and injuries, and/or were placed in fear, nervousness, anxiety, worry, and mental suffering for themselves and for the other Plaintiffs, all of whom are family members.

52. As a result of the Defendants' conduct Plaintiffs have suffered and continue to suffer severe emotional distress and mental and emotional pain and suffering, in amounts subject to proof at trial.

**FIFTH CLAIM FOR RELIEF:**
**DIRECT ACTION AGAINST INSURERS**
**(AGAINST DEFENDANTS CALVO'S, NATIONAL UNION, AND DOES 1-5)**

53. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 52, as though fully set forth here.

54. Defendants CALVO's, NATIONAL UNION and/or DOES 1-5 are the insurers, providers of policies of insurance, and/or are entities engaged in insurance related businesses that had issued insurance coverage, policies of insurance, and/or other insurance related coverage to Defendants SABLAN and QUINATA which were in full force and effect at all pertinent times herein, specifically including but not limited to August 16, 2017, covering Defendant SABLAN and QUINATA's conduct complained of herein that directly and proximately caused the injuries, harm and damages to each of the Plaintiffs.

55. As the insurers, providers of policies of insurance and/or as entities engaged in insurance related businesses that had issued insurance coverage, policies of insurance, and/or other insurance related coverage to Defendants SABLAN and QUINATA, Defendants CALVO's, NATIONAL UNION, and/or DOES 1-5 are liable to each of the Plaintiffs for all injuries, harm and damages alleged.

56. Plaintiffs each have a right of direct action against Defendants CALVO's, NATIONAL UNION and DOES 1-5 on any policy or policies of insurance issued to or covering the Defendants SABLAN and QUINATA which were in effect at all pertinent times herein, specifically including but not limited to August 16, 2017, pursuant to, *inter alia*, 22 G.C.A. § 18305. Plaintiffs hereby assert their right of direct action against said insurers.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of six (6) persons on all issues that may be tried as a matter of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, as follows:

1. From each and every Defendant, damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury, subject to proof at trial;
2. For each Plaintiff's physical, mental, and emotional pain and suffering damages in amounts to be proven at trial;
3. For each Plaintiff's past, present, and future medical damages in amounts subject to proof at trial;
4. For each Plaintiff's economic damages in amounts subject to proof at trial;
5. For each Plaintiff's costs of suit; and,
6. For each Plaintiff, such other and further relief deemed by the Court to be just and proper.

Respectfully submitted this 14th day of August, 2019.

**LAW OFFICE OF PETER C. PEREZ**

By: _____/s/_____
**PETER C. PEREZ, ESQ.**
*Attorney for Plaintiffs*